IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES C. WILLIAMSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1259 |
| | § | |
| MONTGOMERY COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

The plaintiff, James C. Williamson, filed suit in state court in Brazoria County, Texas in March 2013, naming as defendants the State of Texas, the Texas Department of Public Safety, Trooper Ray Sanders and Sgt. Fountain (in both their individual and official capacities), and Montgomery County, Texas. (Docket Entry No. 4). In his filing, which he styled "Judicial Notice Pursuant under 201(d) of the Texas and Federal Rules of Evidence," Williamson alleged that in September 2009, he was detained for the stated reason that he was speeding (which he asserts was false because the posted speed limit signs are for commercial vehicles), searched (which he asserts was illegal), arrested without *Miranda* warnings, and jailed on what appears to be the night of September 4, 2009. (*Id.*). Williamson seeks damages. He alleges that he missed work and had to travel to attend court appearances before the charge against him was dropped in May 2010.

Montgomery County timely removed on the basis that the face of Williamson's pleading showed that he was alleging violations of federal constitutional rights. (Docket Entry No. 1). After removal, Montgomery County moved to dismiss because Williamson had failed to state a cause of action on which relief could be granted under federal or state law, in part because the two-year

limitations period had expired. (Docket Entry No. 5). Williamson responded by asking the court to dismiss the County as a "defendant in error" and then remand the case to the state court. (Docket Entry Nos. 10, 11). Montgomery County in turn pointed out that remand should not be granted because there was no defect in subject-matter jurisdiction. (Docket Entry No. 12).

The court denied Williamson's motion to remand, finding that because the state-court filing alleged violations of federal constitutional rights, there was federal subject-matter jurisdiction even if the allegations or some parties against whom they were directed were later dismissed. (Docket Entry No. 16 (citing *Copling v. Container Store, Inc.*, 174 F.3d 590, 594 (5th Cir. 1999) ("Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims even if it dismisses or otherwise disposes of the federal claim or claims."), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003)). This court then dismissed the claims against Montgomery County after Williamson asked for dismissal because he had sued the County in error. Dismissal was also justified because, as the County pointed out, limitations would bar the claims Williamson asserted. The events all occurred at least three years before he filed suit, outside the applicable two-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002). The motion to dismiss Montgomery County was granted, with prejudice. (Docket Entry No. 16).

At the pretrial conference held on July 31, 2013, Williamson was ordered to file proof of effective service on the State of Texas by August 30, 2013. (Docket Entry No. 17). Williamson was admonished that if he failed to do so, this case might be dismissed without further notice or hearing. Williamson filed what he asserted was proof of service, but the State has filed an advisory in which it notes that there was no proper service. (Docket Entry No. 22). The State also notes that it is

immune from the claims Williamson asserts. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1657–58 (2011). Finally, it appears that the two-year limitations period would apply to preclude all the claims Williamson asserts.

Based on immunity, lack of service, and the clear indication that limitations would bar relief, Williamson's summary judgment motions, (Docket Entry Nos. 19, 21), are denied. This suit is dismissed. A dismissal order is separately entered.

SIGNED on February 5, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge